on behalf of Mr. Davis, appellant. And there's one issue in this is whether he exhausted his State remedies in the writ of habeas corpus that was submitted to the California Supreme Court. And while the facts are sparse, there are facts, and they're sufficient to put the State remedies in place that he would be entitled to relief. Kagan, and he's going to explain to us why. Well, yes, he's indicated that he was denied the right to call a witness at, he says, I was denied the right to have a witness. And then he cites Wolfe v. McDonnell, which does lay out numerous different issues, so it's unclear from Wolfe v. McDonnell alone what issue he's raising. But then when he goes on to cite the California Code of Regulations that indicate the regulation that provides him the right to have a witness at a disciplinary hearing, and he cites the regulation that gives the prison the right to revoke his good time credits based on the results of the disciplinary hearing, I think it's clear what the factual basis is. Then he goes on to state that he throws out the date of January 23, 2002, when the San Joaquin County district attorney filed a complaint against him alleging battery by an inmate on a non-confined person. So it lays out the facts and circumstances at issue in this case. Granted, it's inartful, but they are there. Well, essentially, the problem, according to the State, is that there were no factual allegations as such. That's what my understanding or contention is. It doesn't say what hearing there was or when it was or anything like that. I agree. And I agree that that's – it does not specifically state that on this specific date, at this specific prison, I was denied the right to have a witness, but he does lay out sufficient facts to put the Court on notice about what the issue is. One, he cites – he says it's a denial of his Federal due process rights, cites DeWolf v. McDonald, which has to do with in-custody inmates and the denial of specific rights. He further goes on then to cite the two California Code of Regulations sections that deal with the deprivation of good time credits due to the fact that this is the result of a disciplinary hearing, and he cites specifically to the California regulation which provides an inmate the right to call witnesses at a disciplinary hearing. So I don't think there's any question about what type of proceeding this is. Then in the second part of his factual basis, he does provide the date, he does provide the offense, he does provide that it occurred in San Joaquin County. So while I do agree that there are not a lot of specifics, there is enough to exhaust the State remedies. There's enough to put the Court on notice as to what the issues are, what the rights are, and what he was deprived of, and why it's a violation of the due process clause. Kagan. Do you want to give any further arguments? I'll submit at this point. Thank you very much. Counsel. May it please the Court, my name is Krista Lee Pollard, and I'm from the Attorney General's office, and I represent the Warden. And the Warden asks that this Court affirm the district court order dismissing Mr. Davis's petition as unexhausted. The district court got it right. They looked at the – whether there was a legal claim made, and then they looked at whether or not there were sufficient facts alleged to support that claim. And here, the district court properly found that there were no facts in support  It properly found that there were no facts in support of its claim. Well, there were some facts. I mean, you could figure out that he was charged with assaulting a non-prisoner and that there was a disciplinary hearing and that he was denied good time credits and that he claims he didn't get a due process and wasn't allowed to call a witness. Is that much in the document? What the factual allegations are, are referred to actions by the district attorney, not what happened at the prison disciplinary hearing. There were – there was a reference to he may have been charged. But they're actually the same. I mean, as my understanding, the district attorney wasn't going to charge him for this and it didn't, but it's – it's that set of facts that were relevant. It's a different – it may have been a different disciplinary charge. What facts may support a charge for assaulting a non-peace officer or a peace officer may be different than what he was actually charged with in a disciplinary hearing. For example, he may have been charged with disrupting institutional services or disrupting institutional count. Why does any of that matter when his complaint is that he didn't get due process in his hearing? Because the – he didn't allege, and he has petitioned before the California Supreme Court, that he was at a disciplinary hearing and that while at that disciplinary hearing, he asked for a witness who would provide relevant testimony. That's not the import of the citations to Wolfe v. McDonald and so on. Well, in order to state a claim under Wolfe v. McDonald, you would have to say you were at a disciplinary hearing, you had a witness with relevant testimony, you were denied by the prison the opportunity to have that witness, and that denial was not based on legitimate peniological reasons. Well, he said he was denied his due process right under Wolfe v. McDonald, which certainly suggests that whatever Wolfe v. McDonald requires, he has it. Yes. And in order for a court, this court, the district court or the California Supreme Court, to consider that claim, you would have to know the reasons why the disciplinary officer denied that witness. Was, you know, was that witness's testimony that he was seeking relevant? Was that witness's testimony denied by the person conducting the disciplinary hearing? But this is sort of like a fact-pleading question with regard to – or notice pleading in Federal court. If you filed a complaint like this in Federal court, it would probably survive a motion to dismiss. However, I believe that the proper standard under habeas is not simply notice pleading. You have to both allege your legal theory and sufficient facts to support that. And that is what this Court has held in Kelly v. Small, is you have to allege a sufficient amount of facts for a court to properly apply the Federal law to the case before it. If this Court were to consider on the merits a claim of whether you were properly denied a witness at a disciplinary hearing, the Court would need to know why it was the prisoner was denied his witness. Did the prison have a proper reason? And if you don't have the – Kagan. So suppose he had filed a complaint, filed a petition that said, on such-and-such a date, I had a hearing on disciplinary charge that I had done X, and I was not allowed to call a relevant witness, and that's unconstitutional under Wolf v. McDonald. Would that be sufficient? If he had said, yes, I was at a disciplinary hearing, I asked for a witness, that witness had relevant testimony, I asked for the witness, the disciplinary officer denied my request, and he said this is why. And that amounts to a violation of my constitutional rights. If he had done all of those things, that would have been enough facts to give the Court, the State court, a sufficient opportunity to evaluate his claim. But that did not happen here. The district court carefully examined and quoted in its order the relevant facts that were before the State court, and nowhere in those facts is there an allegation that he appeared at a disciplinary hearing on a particular date, or any date at all, and that he was denying a witness for an improper reason. Do you have any other further argument? No. The Warden submits. Thank you, Your Honor. Thank you very much. I do have one question, counsel. Yes, Your Honor. So was there any attachments to the petition when he filed it originally in the California Supreme Court? There were a large number of attachments to the petition, none of which dealt with this issue, I assume. What is your response to your opponent's assertion that the notice was lacking for exhaustion purposes because, one, he didn't state that anything about a disciplinary hearing? He didn't say anything about, you know, a time when this might have occurred so they could, you know, check the records as to, you know, when there might have been a hearing that involved something like this? I would say that the statement, denied the right to have a witness, read in harmony with the United States Supreme Court citation of Wolf v. McDonnell and the California regulations involving, and he specifically cites to, I believe it's 3315 subdivision E, which specifically says that an inmate shall have the right to call a witness at a disciplinary hearing. And then he also cites to the California Code of Regulation dealing with the deprivation or revocation of good time credits based on the results of a disciplinary hearing. So while he doesn't specifically say it was a disciplinary hearing, those three different citations all deal with disciplinary hearings within prisons. So I think that is addressed. The date of the disciplinary hearing in question was January 24th of 2002, and he cites the date of January 23rd of 2002 as when this case was brought to the San Joaquin County District Attorney's Office. So I believe that, knowing that the incident occurred ---- So was taken to the DA the same incident that he's referring to now in terms of, you know, this administrative hearing? Yes, it was the same incident. But there's no way to know that, is there? Well, I believe when he ---- the way the pro se petition is laid out is the first question asks for what are the grounds. And under the grounds, he writes, I was denied the right to have a witness, and these are my citations. And then when he goes on to the facts, he's describing the dates, he's describing the statute that is violated. So when he's ---- But he's describing what happened in, as you say, in superior court, right? Correct. But he's describing that under the facts just below ---- The supporting facts. The supporting facts, correct. And it's handwritten on the form that they get in prison to file the pro se pleadings. And the pro se pleadings, it says, first, what is your ground? And he cites his ---- the legal grounds, which I think, if read in harmony, is very clear that it's a prison disciplinary hearing and he was denied or good time credits were revoked. When you say legal grounds, you mean Wolf or you're talking about the statutory citation? I'm talking about on the top of page 8 of the excerpts of record, on page 6, or his the legal ground. And then, A, it asks for supporting facts. And in the supporting facts section, he talks about the date, January 23rd of 2002, when, in fact, the hearing was January 24th of 2002. He talks about the violation, which is the 4501.5. Of the penal code. Correct. Which is battery by an inmate on a non-inmate. So I believe that's fairly clear. I mean, it does take a little bit of ---- So you're saying it doesn't take too much detective work to figure out what he's complaining about? Exactly. Which is the section that relates to the batteries on inmate and non-inmate? Which is that? That is penal code section 4501.5, which is on the third line of subdivision A. Of paragraph A or section A. Correct. Correct. Well, I understand your position. Thank you. And I also just wanted to comment, as I'm not sure if the burden is on the Petitioner to justify or explain all of the different reasons why the warden may have denied them. The fact of the matter is that he was denied, and so I don't believe that he can speculate about ---- Well, exhaustion, though, exhaustion requires at the very least a fair presentation of the claim, right? Correct. All right. Thank you. Thank you very much. Thank you, counsel. The case of Davis v. Silva is submitted. And we will go to the last case of the day and of the week.
judges: Gibson , Tashima, Berzon